UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                                              Case No. CR-19-2811 WJ

TYSON LESTER SR.,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S OPPOSED MOTION FOR
RECONSIDERATION OF IMMEDIATE RELEASE FROM CUSTODY</u>**

THIS MATTER comes before the Court upon Defendant's Opposed Motion for Reconsideration of Immediate Release from Custody, filed June 15, 2020 **(Doc. 54).**[1] Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

**BACKGROUND**

Mr. Lester is held pending sentencing for the offense of Assault of an Intimate Partner Resulting in Substantial Bodily Injury. Defendant asks this Court to release him pending sentencing pursuant to 18 U.S.C. §§ 3143(a)(1) due to the extraordinary risk to his life and health posed by the uncontrolled COVID-19 outbreak in the Otero County Prison Facility.[2] Defendant requests a hearing, but the Court concludes that a hearing is not necessary to resolve the issues presented. *See United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005) (explaining that the court is not required to hold a hearing for motions made under § 3143(a)).

---

[1] The Government opposes the motion but has not filed a response.

[2] Sentencing is set for August 7, 2020. Doc. 56.

## DISCUSSION

Because Defendant has been convicted and is awaiting sentencing, 18 U.S.C. §3143 is the controlling statute. Section 3143(a)(1) requires that a defendant be detained "unless the judicial officer finds by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released" on personal recognizance, unsecured bond, or conditions of release. The presumption applies even if the low end of the guideline sentence is zero months, meaning that the defendant could theoretically be sentenced to no time in custody. *See Johnson*, 652 F. App'x at 621. "To secure release after a guilty verdict," the <u>burden is on the defendant to rebut the presumption of detention with clear and convincing evidence.</u> *Id.* (<u>emphasis</u> added); *see also* Crim.R.46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant").

Defendant presents the following as ground for his immediate release:

- On June 5, 2020 that Mr. Lester received confirmation that he tested positive for COVID-19;

- As of June 9, 2020, the United States Marshals Service reported exactly 500 cases of COVID-19 at the Otero County Prison Facility ("Otero");

- Otero provides inadequate measures to control the spread of COVID-19 in the facility. There is no widespread testing for the virus and inmates with symptoms are not isolated or tested unless their temperatures reach 100.4°F. Inmates who have symptoms remain in general population because their temperatures have not reached that threshold;

- Otero offers insufficient hygienic measures that are recommended by the Center for Disease Control, such as regular handwashing, to prevent the spread of COVID-19. It is believed that many inmates are housed in open dormitories with bunks situated less than six feet apart.

The Court has the authority to release Defendant if it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or

the community if released" on either personal recognizance, an unsecured appearance bond, or conditions of release. *See* 18 U.S.C. § 3143(a)(1), § 3142(b)-(c).

Defendant contends that he is not a flight risk. He has entered into a Rule 11(c)(1)(C) plea agreement whereby his stipulated sentencing range is 18-22 months, and he has already been in custody for 349 days as of June 15, 2020. If he receives an 18-month sentence, with good time, Defendant would serve around 459 days. He has no pending warrants or charges and so there is no incentive at this point for Defendant to fail to abide by any conditions of release pending sentencing. He contends that he poses no danger to the community and would not be living near the victim in this case and any risk of flight can be reasonably controlled with conditions of release. Given these circumstances, there would be no justification for continuing to hold him under life-threatening conditions.

Defendant also argues that he poses no danger to the community and would not be living near the victim in this case, his ex-wife. However, the history behind Defendant's criminal offense tells another story. The Presentence Investigation Report ("PSR") describes a relationship with his ex-wife and current girlfriend that was rife with "daily physical and verbal abuse." Doc. 35, ¶10. The relationship spanned ten years, and the couple had two children together. The physical abuse began shortly after their first son was born. The PSR contains details of the abuse, which was violent and from which the victim sustained injuries. The abuse, which included beating and attempted strangulation, was witnessed at times by the couple's children and by family members. Doc. 35 at 3-4.

Defendant was previously released on conditions of release on June 4, 2019 to a halfway house and on location monitoring under home incarceration. A month later, a summons was issued and on July 17, 2019, Defendant was arrested and held in custody due to a pretrial release

violation where he attempted to contact the victim in this case.  Doc. 35 at 3, ¶8  Doc. 7 at 2 (Conditions of Release).

Defendant has not met his burden under §3143(a)(1).  Defendant may not be a flight risk, but based on Defendant's past history, the Court cannot find that he would not attempt to contact the victim again.  Thus, the Court cannot find by clear and convincing evidence that Defendant would not pose a danger to the safety of the community—specifically, the victim—whether or not Defendant would be living near her if he was released.

The Court is not indifferent to the plight of inmates in the detention facilities during this pandemic, but all prisons cannot shut their doors to inmates entirely. The Court's role here is to determine whether an inmate is particularly vulnerable to the coronavirus and whether that vulnerability warrants release.  Defendant is not necessarily more vulnerable to contracting COVID-19 simply because he has tested positive.[3]  His particular situation does not offer any basis which would mitigate the Court's findings on whether Defendant poses a danger to the safety of the victim.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Opposed Motion for Reconsideration of Immediate Release from Custody **(Doc. 54)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The CDC's guidelines do not list individuals who have tested positive as being at a higher risk of severe illness from COVID-19. *See* CDC, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited July 14, 2020) (emphasis added).